JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 11 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

*12/11/79*

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE NEW MEXICO NATURAL GAS  )          DOCKET NO. 403
ANTITRUST LITIGATION          )

OPINION AND ORDER

---

BEFORE MURRAY I. GURFEIN,* CHAIRMAN, AND ANDREW A. CAFFREY, ROY
W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H.
SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

    This litigation presently consists of three actions pending
in two districts:  two actions in the District of New Mexico
and one action in the Northern District of Texas.  All three
actions involve an alleged conspiracy to raise illegally the
wellhead price of natural gas in the San Juan Basin of New
Mexico, with a resulting increase in the cost of natural gas
to New Mexico consumers.

    Central to the nature of the antitrust conspiracy alleged
by the plaintiffs in the three actions are the interlocking
relationships among Southern Union Company (Southern Union) and
most of the other defendants in the actions.  Southern Union
is a gas holding company, whose present affiliates include the
Gas Company of New Mexico (a Southern Union division operating
as a public utility) and Southern Union Gathering Company of

---

*Judge Gurfein took no part in the decision of this matter.

New Mexico (a subsidiary company owning gathering lines for gas production). In 1950, Southern Union formed Aztec Oil and Gas Company (Aztec) as a gas production company by transferring Southern Union's production assets to Aztec in exchange for all of Aztec's stock. At the same time that Aztec was formed, Southern Union formed a new subsidiary, Southern Union Production Company, which continued as an inactive production subsidiary until 1954. In 1954, Southern Union apparently offered its shares of Aztec to Southern Union's shareholders. The three major shareholders of Southern Union, Messrs. Denius, MacGuire and Cain, thereby allegedly became major shareholders of Aztec. In 1972, approximately 30% of Southern Union Production Company's shares were offered to the public. Substantial amounts of this offering were allegedly reserved for Messrs. Denius, MacGuire and Cain, as officers of Southern Union and Southern Union Production Company. Southern Union Production Company is now known as Supron Energy Corporation (Supron).

Plaintiffs in all three actions allege that in 1972, the State of New Mexico permitted Southern Union to automatically pass through to gas consumers any increases in the cost of gas to Southern Union. Plaintiffs further allege that at this time, the gas purchasing by Southern Union in the San Juan Basin was done under old contracts that locked in the producers at a relatively low price. In September and October, 1974, two gas producers, Consolidated Oil and Gas Company, Inc. (Consolidated) and Continental Oil Company (now known as Conoco, Inc.) filed lawsuits against Southern Union in New Mexico state court, seeking to construe their contracts with Southern Union in a

manner that would enable them to receive higher prices for their gas. In February, 1975, Aztec filed a similar action against Southern Union and Southern Union Gathering Company in Texas state court. In July, 1975, summary judgments were entered in the New Mexico state court actions requiring Consolidated and Continental to continue to sell their gas to Southern Union at the lower price. Consolidated and Continental immediately filed an appeal. On June 22, 1976, Southern Union settled the Texas state court action brought by Aztec. Southern Union then applied the terms of the Aztec settlement to all its gas producer suppliers, including Consolidated and Continental. Plaintiffs claim that the effect of these settlements was to give Aztec, Consolidated and Continental a higher price for their gas than the three companies had originally sought in their respective lawsuits. In January, 1976, Southland Royalty Company (Southland) made a successful tender offer for Aztec's stock.

Plaintiffs allege that the aforementioned actions contributed to a successful, illegal conspiracy to raise the price of gas to New Mexico consumers. Southern Union is alleged to have profited by virtue of the higher price it was able to receive for its Aztec shares and by virtue of the increased revenues that Supron would receive for the gas it produced. The increased costs for gas to Southern Union were passed on directly to consumers, plaintiffs allege. Messrs. Cain, MacGuire, and Denius allegedly profited by virtue of their stockholder positions in Southern Union, Supron, and Aztec. Consolidated, Conoco and Southland (through its ownership of Aztec) received prices for their gas sold to Southern Union that

were higher than those to which they were legally entitled, plaintiffs contend.

The first action in New Mexico (Hecht) was brought in December, 1978, by 41 farmers against Southern Union, Aztec, Conoco, Consolidated, Southern Union Gathering Company of New Mexico, Supron, Southland, Gas Company of New Mexico, MacGuire, Denius, Cain's widow, and the First National Bank of Dallas as co-executor of Cain's estate. On April 11, 1979, MacGuire, Denius, Cain and the First National Bank of Dallas were dismissed from this action for want of jurisdiction. On April 27, 1979, the same plaintiffs in Hecht brought a virtually identical action in the Northern District of Texas against MacGuire, Denius, Cain and the First National Bank of Dallas.

The third action in this litigation (Brewer) was brought in the District of New Mexico on July 13, 1979, against Southern Union, Southland and Supron.  Plaintiffs sue individually and on behalf of a class of residential consumers of Southern Union gas in a certain geographical area of New Mexico served by Southern Union known as the Northwest-Central.

Southern Union moves the Panel, pursuant to 28 U.S.C. §1407, to centralize all actions in this litigation in the Northern District of Texas.1/ Southland joins in this motion.  Plaintiffs

---

1/  Movants have also informed the Panel of an additional action pending in the District of New Mexico that may be related to this litigation.  State of New Mexico, et al. v. Southern Union Co., et al., C.A. No. 79-733-B-D.  Because of the Panel's disposition herein, this action is already pending in the transferee district, and thus no further action regarding this action is necessary by the Panel.  See Rule 10(a), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978).

in the three actions support centralization but favor selection of the District of New Mexico as the transferee forum. Supron states that it neither supports nor opposes transfer because it believes that the proceedings are not sufficiently advanced procedurally for the Panel to determine whether Section 1407 proceedings are appropriate.  If the Panel considers centralization appropriate, however, Supron then supports selection of the Northern District of Texas as the transferee forum.  Continental and the defendants in the Texas action oppose transfer but, like Supron, they too favor the Northern District of Texas as the transferee forum if the Panel orders transfer.

We find that these actions involve common questions of fact and that transfer of the action pending in the Northern District of Texas to the District of New Mexico for coordinated or consolidated pretrial proceedings under Section 1407 with the actions pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Opponents to transfer contend that, given the minimal number of actions involved in this litigation, the movants have failed to demonstrate that any common questions of fact are so complex and the accompanying discovery will be so time-consuming as to warrant transfer under Section 1407.  Conoco admits that shared factual questions exist, but it stresses that the damages sought are different, that Brewer is the only class action, and that Conoco is only a defendant in Hecht.  Defendants in the Texas action argue that centralization of all actions under Section 1407 would circumvent the ruling in Hecht that dismissed them

as defendants in that action.  At the very least, the Texas defendants urge, transfer should not be ordered by the Panel pending resolution of a motion to dismiss in the Texas action, resolution of the class certification questions in Brewer, and resolution of a motion to consolidate the New Mexico actions under Rule 42, Fed.R.Civ.P.

We find these arguments unpersuasive.  All three actions involve the identical allegations that settlement of the prior state court actions between Southern Union and certain producers, and the implementation of those settlements, constituted illegal price-fixing.  While damages arising from separate individual transactions may differ in computation, the record before us reveals that all actions share complex factual questions relating to an alleged price-fixing scheme involving a complicated series of interconnecting personal and corporate relationships. Transfer under Section 1407 is thus necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, witnesses and the judiciary.

The Texas defendants' argument that centralization of the actions in this litigation would result in an abuse of Section 1407 is without merit.  In essence, these defendants' argument is that parties should not be able to seek from the Panel, under 28 U.S.C. §1407, what the venue provisions of federal law otherwise prohibit.  The Panel's discretion under Section 1407 is not limited by venue considerations, however, and the fact that defendants may not all be amenable to suit in the same jurisdiction does not prevent transfer to a single district for pretrial proceedings where the prerequisites of Section 1407

are otherwise satisfied.  See In re Kauffman Mutual Fund Litigation, 337 F. Supp. 1337, 1339 (J.P.M.L. 1972).

We see no reason to delay transfer in this litigation because of the pendency of a motion to dismiss in the Texas action or because of the pendency of other motions in actions in the transferee district.  All the motions can be presented to and decided by the transferee judge after transfer.  See In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978, 471 F. Supp. 473, 478 (J.P.M.L. 1979).

Parties who favor the Northern District of Texas as the transferee forum for this litigation argue that eight of the twelve defendants maintain their residences or have offices in the Northern District of Texas, that three other defendants have home offices within the State of Texas, and that therefore it is likely that many relevant witnesses and documents will be found in or near the Northern District of Texas.

Although either the Northern District of Texas or the District of New Mexico could be described as an appropriate transferee forum for this litigation, on balance we conclude that the District of New Mexico is preferable.  While witnesses and documents may be found in the Northern District of Texas, New Mexico is the state in which the conspiracy had its effect and where the New Mexico Public Service Commission maintains records.  It is thus likely that many relevant witnesses and documents will also be found within the District of New Mexico. Furthermore, we note that two of the three actions before us are already pending in the District of New Mexico, and a fourth, possibly-related action has also been filed there.  See In re

Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation, 424 F.
Supp. 504, 507 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the
action listed on the following Schedule A and pending in the
Northern District of Texas be, and the same hereby is, transferred
to the District of New Mexico and, with the consent of that court,
assigned to the Honorable Howard C. Bratton for coordinated or
consolidated pretrial proceedings with the actions already pending
in the District of New Mexico and listed on Schedule A.

SCHEDULE A                                      DOCKET NO. 403

## DISTRICT OF NEW MEXICO

The Hecht Co., et al. v. Southern Union            Civil Action
Co., et al.                                        No. Civ-78-958-M

Sheila Brewer, et al. v. Southern Union            Civil Action
Co., et al.                                        No. Civ-79-578-C

## NORTHERN DISTRICT OF TEXAS

The Hecht Co. v. John T. MacGuire, et al.          Civil Action
                                                   No. CA3-79-0538-H